IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| EDWARD & ERIN SHANDERA, ) | |
| ) | CASE NO. BK04-43120-TLS |
| Debtor(s). ) | A06-4094-TJM |
| EDWARD SHANDERA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CH. 7 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

ORDER

  This matter is before the court on the defendant's unopposed motion to abstain (Fil. #11). Robert Creager represents the plaintiff, and Robert Metcalfe represents the defendant.

  The Shanderas filed a Chapter 7 bankruptcy petition in September 2004. They had no non-exempt assets for the bankruptcy trustee to administer, so they received a discharge in December 2004 and the case was closed. The case was reopened in October 2006 so Mr. Shandera could file this adversary proceeding against the government to determine certain tax liabilities.

  According to the adversary complaint, a Nebraska corporation called K-Comm, Inc., owes slightly more than $100,000 in payroll taxes assessed for 2002. The Internal Revenue Service evidently considers Mr. Shandera a responsible party for those tax obligations and assessed the taxes against him and another responsible party in February 2005. Mr. Shandera filed this adversary proceeding under 11 U.S.C. § 505 to determine his liability for those taxes.

  The United States has filed a motion requesting this court to abstain from determining Mr. Shandera's tax liability because such a determination would serve no bankruptcy purpose and because the United States District Court is a more appropriate forum for this dispute.

  With certain exceptions not applicable here, the bankruptcy court "may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction." 11 U.S.C. § 505(a)(1). The statute's reference to "any tax" includes federal employment taxes. *In re Vermont Fiberglass, Inc.*, 88 B.R. 41 (D. Vt. 1988). The court's power is limited to the tax liabilities of debtors; the court cannot adjudicate a third party's tax liability. *United Taconite, L.L.C. v. State of Minnesota, Dept. of*

*Revenue (In re Eveleth Mines, L.L.C.)*, 318 B.R. 682, 689 (B.A.P. 8th Cir. 2004).

Because the statute uses the term "may" rather than "shall," the court's decision to entertain such an action is largely discretionary. *New Haven Projects Ltd. Liability Co. v. City of New Haven (In re New Haven Projects Ltd. Liability Co.)*, 225 F.3d 283, 288 (2d Cir. 2000); *In re Ontiveros*, 271 B.R. 646, 647 (Bankr. N.D. Cal. 2001).

Factors to consider in deciding whether to abstain from a § 505 tax review include the complexity of the tax issues, the need for orderly and efficient administration of the bankruptcy case, the burden on the bankruptcy court's docket, the length of time required to try and decide the matter, the debtor's asset and liability structure, and prejudice to the debtor as well as potential prejudice to the taxing authority. *In re Beisel*, 195 B.R. 378, 380 (Bankr. S.D. Ohio 1996).

In this case, the factors favor abstention. The bankruptcy case has already been administered and the outcome of this lawsuit would have no effect on the bankruptcy estate, which no longer exists. The liability, if any, would be a non-dischargeable debt of Mr. Shandera's. In addition, as stated in *Eveleth Mines* and other cases, this court has no jurisdiction to render liability determinations as to non-debtor third parties, such as the other responsible party in this case. It would be an ineffective use of the bankruptcy system and prejudicial to the Internal Revenue Service to have two courts separately deciding the liability of each responsible party when procedures exist outside of the bankruptcy arena for a more efficient determination of the matter at hand. Therefore, the motion to abstain will be granted. Mr. Shandera may seek a determination of his tax liabilities in another forum.

IT IS ORDERED: The United States of America's motion to abstain (Fil. #11) is granted, and this case is hereby dismissed.

DATED:     January 5, 2007

BY THE COURT:

/s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
    *Robert Metcalfe
    Robert Creager
    U.S. Attorney
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.